

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALVIN C. MCGILVERY, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:13-CV-648-C |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United

States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Alvin C. McGilvery, TDCJ-CID #1856723, is a state prisoner confined in the

Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ).

Respondent William Stephens is the Director of TDCJ.

#### C. FACTUAL AND PROCEDURAL HISTORY

Petitioner is serving a 20-year sentence on his May 10, 2013, conviction for sexual assault

of a child under 17 years of age in Case No. 1255066D in the Criminal District Court Number Two

of Tarrant County, Texas. (Resp't MTD, Ex. A) Petitioner filed this federal petition challenging

his state court conviction on August 7, 2013.[1] (Pet. at 10) Respondent has filed a motion to dismiss

the petition on exhaustion grounds. (Resp't MTD at 3-5)

## D. EXHAUSTION OF STATE COURT REMEDIES

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in

state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169

F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the

federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443

(5th Cir. 1982). For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court

in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may

generally satisfy the exhaustion requirement by presenting both the factual and legal substance of

his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a

postconviction habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal

Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2012); *Anderson v. Johnson*,

338 F.3d 382, 388 n.22 (5th Cir. 2003).

Petitioner did not directly appeal his conviction and sentence but asserts he filed an article

11.07 state habeas application, which he mailed to the trial court on or about July 22, 2013. (Pet.

at 3, 8) The clerk of the Texas Court of Criminal Appeals however, by his deputy, certifies that no

state postconviction habeas application has been found in petitioner's name and the court's website

---

[1]*Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding a pro se habeas petition is
filed when the petition is delivered to prison authorities for mailing).

does not yet reflect the Court of Criminal Appeals has received the state application. (Resp't MTD, Ex. B) Therefore, the application apparently remains pending in the trial court and has not yet been forwarded to the Texas Court of Criminal Appeals for consideration. *See* Texas Court of Criminal Appeals's website, *available at* http://www.cca.courts.state.tx.us. Because the Texas Court of Criminal Appeals has not yet been afforded a fair opportunity to consider the merits of petitioner's claims, the claims are unexhausted for purposes of federal habeas review. *See Martinez v. Johnson*, 255 F.3d 229, 238 (5th Cir. 2001). Petitioner must first pursue his state habeas corpus remedies through completion before seeking relief under § 2254.

Absent a showing that state remedies are inadequate, such showing not having been demonstrated by petitioner, he cannot now proceed in federal court in habeas corpus. Dismissal of this petition for lack of exhaustion is warranted so that petitioner can fully exhaust his state court remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.

## II. RECOMMENDATION

Petitioner's petition for writ of habeas corpus should be dismissed without prejudice, except as to any application of the federal statute of limitations[2] or other federal procedural bar that may apply.

---

[2]28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing non-death penalty habeas corpus petitions in federal court, subject to applicable tolling. *See* 28 U.S.C. § 2244(d)(1)-(2).

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January __*16*__, 2014. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until January __*16*__, 2014, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December __26__, 2013.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE